# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KAITLYNN MCCAFFETY,

       Plaintiff,

v.                                                        Case No:   6:14-cv-1217-Orl-37KRS

SPECIALTY MOTOR SALES LLC and
JAMES MILLS,

       Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AND ENTER A STIPULATED JUDGMENT DISMISSING THE CASE (Doc. No. 9)
>
> **FILED:**      October 6, 2014

## I.   PROCEDURAL HISTORY.

    Plaintiff Kaitlynn McCaffety filed suit against her former employers, Defendants Speciality Motor Sales, LLC and James Mills. Doc. No. 1. In her complaint, she alleged breach of contract (Count I) and failure to pay her the minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count II). *See id.* On October 6, 2014, the parties filed the above-referenced motion to approve the settlement, notifying the Court that the parties had reached a full settlement and seeking approval of the settlement agreement. Doc. No. 9. The parties attached to the motion copies of their settlement agreement and McCaffety's pre-suit demand letter.

Doc. Nos. 9-1, 9-2. The motion was referred to the undersigned for issuance of a Report and Recommendation. Accordingly, the matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. "*Lynn's Food* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (internal quotation omitted).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished decision cited as persuasive authority). If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.    ANALYSIS.**

    *A.    McCaffety Received All FLSA Compensation Alleged to be Owed.*

This case arises from the failure to Defendants to pay McCaffety for her last week of work. Before the complaint was filed, Defendants made a direct deposit of money into McCaffety's bank account. The payment was allegedly $25.28 less than the amount McCaffety's was owed for her last week of work, and it did not include any compensation for attorney's fees or liquidated damages.

Under the settlement agreement, McCaffety will receive her claimed $25.38 in unpaid wages and $94.25 in liquidated damages, for a total of $119.63. Doc. No. 9-1 at 2. This is full compensation of her claim under the FLSA. *See* Doc. No. 9-1 at 3; Doc. No. 9-2 at 2-3.

    *B.    Attorney's Fees and Costs.*

Under the settlement agreement, McCaffety's counsel will receive $2,125.00 for attorney's fees and costs. Doc. No. 9-1 at 2. Because McCaffety will receive all of the FLSA wages and liquidated damages that she claimed to be due, the amount of attorney's fees and costs paid under the settlement agreement cannot have tainted the amount McCaffety agreed to accept to settle the case. Accordingly, the Court need not scrutinize the settlement agreement further to consider whether the attorney's fees and costs to be paid are reasonable. *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

    *C.    Whether the Settlement is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . ." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees*, 706 F. Supp. 2d at 1247). Because McCaffety will receive all of the FLSA wages and liquidated damages that she alleged she was due, and there are no provisions in the settlement agreement that

would render the settlement otherwise unfair, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food*, 679 F.2d at 1354.

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT** Plaintiff's Motion to Approve Settlement and Enter a Stipulated Judgment Dismissing the Case (Doc. No. 9), and **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

2. **PROHIBIT** counsel from withholding any portion of the $119.63 payable to McCaffety under the settlement agreement pursuant to a contingent fee agreement or otherwise;

3. **ORDER** counsel for McCaffety to provide a copy of the Court's Order to McCaffety; and,

4. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 9, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy